UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALI MOALAWI,

                Plaintiff,

v.

LETITIA JAMES, in her capacity as
ATTORNEY GENERAL OF THE STATE
OF NEW YORK,

                Defendant.

22-CV-6770 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, challenging his February 5, 2018 New York state court conviction. Plaintiff "seek[s] relief from this court akin to the relief once available to [him] via federal habeas corpus." For the reasons that follow, Plaintiff's Complaint is dismissed.

## BACKGROUND

    On November 17, 2017, Plaintiff was convicted of burglary in New York state court. Compl. ¶ 8. He was sentenced to three and a half years of incarceration and two and a half years of post-release supervision. *Id.* ¶ 9. The New York Appellate Division, First Department, affirmed his conviction and sentence on June 17, 2021; and the New York Court of Appeals denied Plaintiff leave to appeal that decision on August 4, 2021. *Id.* ¶¶ 11-12. Plaintiff does not allege that he then filed a petition for a writ of habeas corpus or made any other collateral attack on his conviction. In March 2022, Plaintiff was released from parole and thus "no longer remain[s] within the custody or control of New York State." *Id.* ¶ 17.

    Acknowledging that he is no longer eligible for federal habeas corpus relief, *see id.* ¶ 18, Plaintiff seeks to raise his constitutional challenges via 42 U.S.C. § 1983. He alleges primarily (1)

that he was deprived of his federal due process rights because there was insufficient evidence to support the charges against him; and (2) that he was deprived of his Sixth Amendment rights because his trial counsel was ineffective and because he was precluded from testifying on his own behalf. According to Plaintiff, his counsel's "performance fell below what could be expected of a reasonably competent trial counsel" because he "denied [Plaintiff his] chance to present [his] stellar personal history" as well as "exculpatory facts [he] planned to present during [his] testimony." *Id.* ¶ 48. Plaintiff also alleges that he was unfairly prejudiced by the introduction of evidence that "the Terrorist Watch was involved with the case," which, according to Plaintiff, suggests that the government "hoped that some jurors would determine … this person of Middle Eastern descent was … guilty of something." *Id.* ¶¶ 62–64.

Plaintiff does not request damages; instead, he asks for an order "vacating [his] conviction and directing the State of New York to expunge the conviction forthwith or retry the plaintiff within sixty days." *Id.* at 13.

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] Courts "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). This is especially true when the plaintiff alleges civil rights violations. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

**DISCUSSION**

As an initial matter, to the extent Plaintiff alleges constitutional violations by "the state, the state trial court, and the state prosecutor," those allegations fail because each of these individuals are "absolutely immune from [his] claims." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). Moreover, while Attorney General James appears to be an improper defendant in this action, the Court further notes that "a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (holding that the Connecticut Attorney General was absolutely immune from claims raised in a § 1983 suit). *Accord Owens v. State of N.Y. Att'y Gen.*, 10 F. App'x 34, 36 (2d Cir. 2001) (explaining that "amendment of the § 1983 and ADA claims contained in Owens's complaint would have been futile because the judges, attorney general, and assistant attorney general are immune from suit for their conduct").

More fundamentally, however, the Court must dismiss Plaintiff's action because the relief he seeks is not cognizable under § 1983. *Teichmann v. New York* is instructive in this respect. There, a plaintiff who had been convicted in state court and had completed his sentence filed a complaint in federal court under § 1983, "alleging that he had been convicted in violation of his constitutional rights . . . and asking for his conviction to be vacated." 769 F.3d at 822. The Second Circuit affirmed the district court's dismissal, explaining that "§ 1983—while broad in its equitable and legal remedies—does not recognize a declaration of innocence, standing alone, as a cognizable form of relief." *Id.* at 826. The court further explained that "where a plaintiff seeks simply a declaration that there was a past injury, but claims no damages or injunction against future

3

behavior, there is no § 1983 claim because there is no true case or controversy." *Id*. The Second Circuit's reasoning in *Teichmann* thus forecloses Plaintiff's action here.

The Complaint, moreover, must be dismissed for the additional reason that the *Rooker-Feldman* doctrine precludes federal district courts from reviewing final judgments of the state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). While *Rooker-Feldman* would not generally preclude Plaintiff from bringing a § 1983 action for a violation of his constitutional rights, dismissal is warranted insofar as "he seeks nothing more than a review of a state court judgment." *Teichmann*, 769 F.3d at 826; *see Mitchell v. New York State*, No. 22-cv-1747 (LDH) (LB), 2023 WL 2734823, at *4 (E.D.N.Y. Mar. 31, 2023) (dismissing, under *Rooker-Feldman* doctrine, § 1983 action because plaintiff "necessarily invites the Court to review the judgment of [his state court criminal] conviction.").

Finally, the Court will not grant leave to amend, as any amendment would be futile given the relief that Plaintiff seeks. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and close this case.

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                        Ronnie Abrams
                                        United States District Judge